POYDRAS *vs.* TURGEAU.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, FOR THE
PARISH OF ASCENSION, THE JUDGE OF THE DISTRICT PRESIDING.

Where usurious or *compound* interest has been paid, the party cannot recover it back, or have it deducted, when sued for the debt.

And where the extension of the day of payment was *conditional*, depending on the punctual annual payment of the interest, and the debtor fails to pay the interest punctually, still the creditor cannot sue for the recovery of the *principal debt* and interest, until the expiration of the extended time, without putting the debtor *in morâ*.

This is an action instituted by B. Poydras, as heir, and acting for himself and the legatees of the late Julien Poydras, on two promissory notes executed by the defendant's ancestor in 1820 and in 1824, for the sum of eighteen thousand six hundred and twelve dollars. It was stipulated that these two notes were to draw six per cent. interest per annum, payable on the 1st of March, in each year; and the debtor was allowed the privilege of delaying final payment of the principal, until the 1st of April, 1840, by the punctual payment of the annual interest. J. Poydras died in 1824, and the plaintiff succeeded to his actions.

The defendant succeeded to the obligations of his ancestor, at the death of the latter, in 1828. The next year the plaintiff sent a statement of the interest account between them, to the defendant, from 1824 to March, 1829, including compound interest, which was not objected to, and ultimately paid.

The interest was also regularly paid from March, 1829, to 1832. After this, two sums of two thousand and one thousand dollars, *were paid on account of interest*, up to September, 1837, when arrears still existed, and suit was commenced for the *principal* and interest.

The defendant pleaded that he could not be sued for the principal debt, until the expiration of the extended term, in April, 1840; and that compound interest was charged, and

had been paid, which should be deducted; and such real
balance as was due, he was ready to pay, but that no amica-
ble demand had been made for the principal, which he was
not bound to pay until due.

There was, however, judgment for the plaintiff, allowing
him the principal and arrears of interest, and the defendant
appealed.

*L. Janin,* for the plaintiff, insisted on the affirmance of the
judgment, with some corrections.

*Roselius, contra,* contended that judgment could not go for
the principal debt, until the expiration of the term, because
no amicable demand had been made, and the defendant was
not put *in morâ. Louisiana Code,* 2042.

2. There is compound interest charged; the true balance
the defendant is, and has been ready to pay. Compound
interest is illegal, and cannot be recovered. *Louisiana
Code,* 1934.

*Martin, J.,* delivered the opinion of the court.

In this case a re-hearing has been prayed for, and the court
has reconsidered its first judgment.

It appears, that by a notarial instrument, the defendant's
mediate ancestor acknowledged himself indebted to the late
Julien Poydras, to whom the plaintiff has succeeded as insti-
tuted heir, in the sum of fifteen thousand five hundred and
twelve dollars, which he promised to pay in one year, with
the faculty of deferring payment during ten years, on an
annual payment of interest, at the rate of ten per cent. per
annum. Four years after, (1824,) by a private act, the rate
of interest was reduced to six per cent; and the defendant's
ancestor acknowledged a new loan of three thousand one
hundred dollars, and promised to pay the two capitals, with
the same annual interest, on the 19th April, 1830, or sooner.
This last day of payment was afterwards protracted, until
the 19th of April, 1840, on condition that the interest should
be paid annually, on the first day of March of each year.

The defendant, however, has failed to pay the interest regularly, since the last day of March, 1832; having only paid the sum of three thousand dollars from that time until the institution of suit, in September, 1827, which left a large balance of interest still due, besides all the principal.

The present suit is brought to obtain a decree, declaring that the defendant having failed to comply with the condition on which payment had been protracted, to wit : the punctual and annual payment of interest on the 1st of March of each year, the capital and arrears of interest are now due and payable, and that judgment may be given accordingly.

The defendant pleaded the general issue, and averred that about the 28th July, 1829, he paid all the interest then due ; and since, at different times, amounting to seven thousand two hundred and forty-four dollars and thirty-five and a half cents. That the amount of interest from 1829 to 1837, including the latter year, is eight thousand nine hundred and thirty-five dollars, leaving a balance of sixteen hundred and ninety dollars and sixty-five cents, which he has always been ready to pay, but that the plaintiff has refused to receive it ; and he further states, that compound interest has been charged.

There was judgment in favor of the plaintiff, for the sum of four thousand three hundred and fifty-one dollars and eighty-four cents, for arrears of interest; and for the principal, amounting to eighteen thousand six hundred and twelve dollars, with costs. The defendant appealed.

The counsel for the appellant has contended, 1. That the amount of interest claimed by the appellee is not due, because it is composed of compound interest, which is illegal. The true balance, he insists, is that stated in the answer.

2. The term of payment granted was not conditional; the payment of the balance of interest due, alone can be enforced.

3. Even, if in this case, the resolutory condition be implied, the court erred in declaring that there was a forfeiture ; and that the payment of both principal and interest could be enforced, because it is admitted, that the amount of

interest sued for is greater than that really due ; that the defendant was never put *in morâ,* and that a reasonable time should have been granted to pay the interest after judgment. The appellee has prayed that the judgment be so amended as to allow interest until the payment of the principal.

I. It appears from the evidence, that the plaintiff transmitted a statement of the interest due on the whole capital, from 1824, to March, 1829, amounting to six thousand two hundred and ninety-five dollars, and which included compound interest at the rate of six per cent. being added at the end of each year. The defendant acknowledged this account, and paid the sum of five thousand five hundred and eighty-three dollars seventy-five cents, and gave his note for the balance of seven hundred and eleven dollars thirty cents, which was afterwards paid.

*Where usurious or compound interest has been paid, the party cannot recover it back, or have it deducted when sued for the debt.*

This court has decided, in the case of *Millaudon* vs. *Arnaud,* 4 *Louisiana Reports,* 542, that where usurious interest has been paid, the party cannot recover it back. The defendant cannot, therefore, recover the compound interest which he has paid.

II. The extension of the day of payment was conditional, depending on the punctual annual payment of interest. The evidence shows, that the appellant had failed to pay the interest for several years, and was in arrears when suit was instituted.

III. We are of opinion, the plaintiff cannot avail himself of a breach of the condition, because he did not put the debtor *in morâ.* It is true, payment was to be made at the domicil of the plaintiff's ancestor, or to his order. The ancestor died a very short time after the last agreement. He left a considerable number of universal legatees, most of whom resided in France ; there was no particular domicil at which payment ought to have been made. It was necessary, therefore, to put the defendant *in morâ,* in order to render the resolutory condition available.

*And where the extension of the day of payment was conditional, depending on the punctual annual payment of the interest, and the debtor fails to pay the interest punctually, still the creditor cannot sue for the recovery of the principal debt and interest, until the expiration of the extende time, without putting the debtor in morâ.*

We think the court erred in decreeing the payment of the principal. This renders it unnecessary to consider the plaintiff's prayer for the amendment of the judgment.

IV. It appears, that the interest was paid regularly for the years 1830, 1831 and 1832, up to the last of March. On account of the interest due since March, 1832, the defendant made only two payments; one in March, 1835, of two thousand dollars, and another in April, 1836, of one thousand dollars, in all three thousand dollars. The interest which accrued from the last of March, 1832, to the 13th of October, 1838, when judgment was rendered in the court below, a period of six years and one hundred and ninety-six days amounts to seven thousand three hundred and eight dollars and twenty-eight cents, which leaves a balance due on that day after deducting three thousand dollars for payments made, of four thousand three hundred and eight dollars and twenty-eight cents, for which the plaintiff is entitled to judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and proceeding to give such judgment as ought to have been rendered in the court below, it is ordered, adjudged and decreed, that plaintiff recover from defendant, the sum of four thousand three hundred and eight dollars and twenty-eight cents, with costs in the District Court, and that he pay those of the appeal.